IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MICHAEL PRYOR**                                             **PLAINTIFF**
d/b/a Apryor Transport LLC

v.                                                      No. 3:23-CV-226-MPM-RP

**J.B. HUNT TRANSPORT SERVICES, INC., et al.**                **DEFENDANTS**

## ORDER

Before the court is the plaintiff Michael Pryor's motion requesting additional time both to respond to the defendant J.B. Hunt Transport Services, Inc.'s counterclaim and to respond to the defendant's motion to dismiss. ECF #53. The court liberally construes the plaintiff's motion for additional time to respond to the defendant's counterclaim to include a request to set aside the clerk's entry of default against the plaintiff. The defendant does not oppose the plaintiff's request for additional time to respond to the motion to dismiss, but the defendant opposes the plaintiff's request to set aside the entry of default as to the defendant's counterclaim, arguing the plaintiff has failed to establish good cause for such. The court finds the plaintiff's motion is well taken and should be granted.

Pursuant to Federal Rule of Civil Procedure 55(c), an entry of default may be set aside "for good cause." In evaluating whether good cause exists, the court weighs three factors: (1) whether the defendant willfully defaulted; (2) whether a meritorious defense is presented; and (3) whether setting aside the default would prejudice the defendant. *Scott v. Carpanzano,* 556 F.App'x 288, 293 (5th Cir. 2014) (citing *Jenkins & Gilchrist v. Groia & Co.,* 542 F.3d 114, 119 (5th Cir. 2008)). A willful default is an "intentional failure" to respond to litigation. *In re OCA, Inc.,* 551 F.3d 359, 370 n.32 (5th Cir. 2008). While setting aside an entry of default will delay a plaintiff's collection of damages, "delay by itself does not constitute prejudice." *McConaghi v. Islamic Republic Broadcasting,* EP-13-CV-190-

FM, 2014 WL 12580038, at *6 (W.D. Tex. Sept. 19, 2014).  "[T]here is also no prejudice where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Walker v. FFVA Mutual Ins. Co.,* No. 1:12CV301-HSO-RHW, 2013 WL 6493104, at *2 (S.D. Miss. Nov. 6, 2013).

In the present case, the defendant served is answer and counterclaim on the plaintiff on November 9, 2023, and after the plaintiff failed to respond to the counterclaim as shown by the defendant in a motion for entry of default, the clerk entered default against the plaintiff on December 12, 2023.  In a response to the defendant's motion for entry of default filed on December 19, 2023, the plaintiff states that he did not receive a copy of the defendant's answer (and counterclaim) until November 30, 2023 and that it was not postmarked until November 10, 2023 – one day after it was due to be served.  The plaintiff also points out that he filed motion for entry of default against the defendant due to its purportedly untimely answer.  It is apparent to the court that the plaintiff's failure to respond to the defendant's counterclaim was not an "intentional failure" to respond to litigation, but rather he believed (wrongly) that the defendant's answer and counterclaim were untimely and that he therefore was not required to respond to the counterclaim.  In his request for additional time to respond, filed on December 21, 2023, the plaintiff states he is a truck driver and is sometimes on the road for weeks at a time.   Although the plaintiff does not state what his defenses to the counterclaim are, which fact weighs against his request to set aside the entry of default, the court finds that setting aside the entry of default and permitting the plaintiff to respond to the counterclaim will not prejudice the defendant.  On the whole, the relevant factors weigh in favor of setting aside the entry of default.

Therefore, the plaintiff's request to set aside the entry of default and for additional time to respond to the defendant's counterclaim and motion to dismiss [ECF #53] is GRANTED.  The clerk's entry of default against the plaintiff as to the defendant's counterclaim is hereby SET ASIDE, and the

plaintiff is granted until January 16, 2024 to respond – in separate filings -- to the defendant's counterclaim and motion to dismiss. The plaintiff is warned that he is expected to comply with the court's rules and orders and that his occupation as a truck driver will not justify or excuse untimely filings.

**SO ORDERED**, this the 5th day of January, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE