IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MICHAEL PRYOR**                                                                   **PLAINTIFF**
d/b/a Apryor Transport LLC

v.                                                                  No. 3:23-CV-226-MPM-RP

**J.B. HUNT TRANSPORT SERVICES, INC., et al.**                **DEFENDANTS**

## ORDER

This matter is before the court on a number of motions [ECF #75, #76, #78, #80, and #82] related to the *pro se* plaintiff Michael Pryor's disagreement with the court's ruling denying his requests that the court strike the answer and counterclaim of -- and enter default against -- the defendant J.B. Hunt Transport Services, Inc. and the plaintiff's insistence that, contrary to the court's finding, J.B. Hunt's answer was untimely served. The court finds that the plaintiff's motions are not well taken and should be denied.

The plaintiff's argument has been -- and continues to be – that because J.B. Hunt's answer was postmarked on November 10, 2023 – one day after the answer was due to be served – the answer was untimely and must be stricken notwithstanding the fact that the answer was filed on November 9, 2023 and counsel certified that it was mailed to the plaintiff on that date. In rejecting the plaintiff's argument, the court previously held as follows:

> [S]ervice is complete on the date of mailing, not on the date of the postmark. FED. R. CIV. P. 5(b)(2)(C); *see Larez v. Holcomb,* 16 F.3d 1513, 1515 n.1 (9th Cir. 1994) (rejecting argument that document postmarked day after deadline was untimely, stating time limit for service "is determined by the date of mailing, not by the date of postmark") (citing Rule 5(b)). The November 10, 2023 postmark on the plaintiff's copy of the defendant's answer does not justify a finding that it was not mailed on November 9, 2023 as the defendant certified. The court finds that the defendant's answer was timely served.

ECF #69.

The plaintiff now asks the court to reconsider its ruling, arguing yet again that the date of the postmark on J.B. Hunt's envelope controls. In support, the plaintiff cites certain state court decisions holding that private meter postmarks (such as the one on J.B. Hunt's envelope) constitute "postmarks" within the meaning of the state statutes at issue in those cases governing the timeliness of appeals to state administrative agencies and that said postmarks are therefore satisfactory evidence of the date of mailing of such appeals. *See Lozier Corp. v. Douglas County Bd. of Equalization,* 829 N.W.2d 652, 661 (Neb. 2013) (holding postage meter stamp constitutes "postmark" within meaning of state statute governing timeliness of appeals to state tax commission); *Bowman v. Administrator, Ohio Bureau of Employment Services,* 507 N.E.2d 342, 344-45 (Ohio 1987) (holding private meter postmark constitutes "postmark" within meaning of state statute governing timeliness of appeals to state unemployment compensation review board). However, the holdings in these case are wholly distinguishable from and inapplicable to the present case, in which the timeliness of service is governed not by a statute requiring a "postmark" but by the Federal Rules of Civil Procedure, which do not require a postmark and under which service is complete on the date of mailing, not on the date of the postmark.

The court again rejects the plaintiff's argument that J.B. Hunt's answer was untimely, and his motion to reconsider and related motions relying on that argument will be denied. Further, the court notes that "[m]otions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Texas Instruments, Inc. v. Hyundai Electronics Industries, Company, Ltd.,* 50 F.Supp.2d 619, 621 (E.D. Tex. 1999). Such a motion is not "the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Resolution Trust Corporation v. Holmes,* 846 F.Supp. 1310, 1316 (S.D. Tex 1994). "A motion for reconsideration based on recycled arguments serves only to waste the

court's resources." *Texas Instruments, Inc.,* 50 F.Supp.2d at 621.

For these reasons and for those stated in its previous order denying the plaintiff's motion for entry of default, the plaintiff's Motion for Reconsideration [ECF #75] is DENIED, as are the plaintiff's Motion to Object to Order Denying Entry of Default requesting that the undersigned magistrate judge grant the previously-denied motion for entry of default [ECF #76], the plaintiff's Motion to Disqualify Opposing Counsel and Counsel Law Firm due to their purported "fraud on the court" by certifying that J.B. Hunt's answer was mailed to the plaintiff on November 9, 2023 [ECF #78]; the plaintiff's Motion to Strike J.B. Hunt's answer and counterclaim [ECF #80]; and the plaintiff's Motion for Sanctions [ECF #82]. The plaintiff is warned that if he continues to flood the court's docket with multiple motions requesting the same relief as one another – such as his motion for reconsideration and his motion to object -- or motions that rehash arguments previously considered and denied, the court will impose sanctions against him.

**SO ORDERED**, this the 29th day of January, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE