IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MICHAEL PRYOR**  **PLAINTIFF**
d/b/a Apryor Transport LLC

v.  No. 3:23-CV-226-MPM-RP

**J.B. HUNT TRANSPORT SERVICES, INC., et al.**  **DEFENDANTS**

## ORDER

This matter is before the court on the *pro se* plaintiff Michael Pryor's Motion for Extension of Time to Perfect Service [ECF #106], Motion to Request Service by Publication [ECF # 107], and Motion to Perfect Service by Mail and via Email [ECF #108]. The court previously granted the plaintiff until March 17, 2024 to serve process on the individual defendants Mike Hatfield, Benjamin Mackay, and Manny Galace. ECF #88. The plaintiff has since filed summonses with executed proofs of service on Galace and Hatfield, but the plaintiff states his attempts to personally serve Mackay have been unsuccessful. The plaintiff requests additional time to serve Mackay, and he requests permission to do so by publication, by mail, and/or by email. The court finds that the plaintiff's request for additional time to serve Mackay is well taken and should be granted, but as discussed below, the court finds that the plaintiff's other requests should be denied.

As to the plaintiff's request for leave to serve process on Mackay by publication, although such manner of service is permissible under Federal Rule of Civil Procedure 4(e)(1), it is "disfavored because 'it is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings.'" *JTH Tax LLC v. Conner,* No. 1:21CV178-SA-DAS, 2022 WL 11381396, at *1 (N.D. Miss. Oct. 19, 2022) (quoting *Sunbelt Rentals, Inc. v. XTM Enterprises, LLC,* No. 3:21-CV-408-TSL-RPM, 2022 WL 101330, at *1 (S.D. Miss. Jan. 10, 2022)). Rule 4(e)(1) authorizes service by publication under Mississippi Rule of Civil Procedure 4(c)(4), which permits

service by publication, if certain requirements are met, "in any proceeding in a chancery court, or in any proceeding in any other court where process by publication is authorized by statute." MISS. R. CIV. P. 4(c)(4)(A). However, the present case is not a chancery court proceeding, nor has the plaintiff identified a statute authorizing service by publication in this case. As such, his request for permission to serve process on Mackay by publication is denied. *See JTH Tax LLC,* 2022 WL 11381396, at *2 (denying motion for leave to serve process by publication where case was not chancery court case and plaintiff identified no statute authorizing service by publication); *Sunbelt Rentals, Inc.,* 2022 WL 101330, at *2 (denying motion for leave to serve process by publication on same grounds).

As to the plaintiff's request for leave to serve process on Mackay by mail, the plaintiff cites Mississippi Rule of Civil Procedure 4(c)(3), which provides for service of process by mailing (by first class mail) a copy of the summons and complaint to the person to be served, together with two copies of a notice and acknowledgment of service and a return envelope, postage prepaid, addressed to the sender. Of course, leave of the court is not required before attempting service of process in this manner. Moreover, service of process in this manner is not effective unless an executed acknowledgment of service is returned to the sender, failing which, process may be served in any other manner permitted by the rule. MISS. R. CIV. P. 4(c)(3)(B). To the extent the plaintiff is asking the court to deem effective the plaintiff's service of process on Mackay by mail in the absence of the plaintiff's receipt of Mackay's executed acknowledgment as required by the rule, the plaintiff's request is denied.

As to the plaintiff's request to serve process on Mackay by email, the plaintiff cites no rule or statute permitting such manner of service of a summons and complaint on an individual within a judicial district of the United States. The plaintiff cites two cases from other jurisdictions for the proposition that service of process by the prescribed methods is unnecessary to establish jurisdiction

where a defendant has contractually agreed to the court's jurisdiction over him. *See Lawn v. Franklin,* 328 F.Supp. 791, 794 (S.D.N.Y. 1971) (holding "[w]here there is advance consent to the jurisdiction by contract the service of process may be made by any method consistent with due process"); *Aamco Automatic Transmissions, Inc. v. Hagenbarth,* 296 F.Supp. 1142, 1143 (E.D. Pa. 1968) (holding jurisdiction over defendant was established, notwithstanding fact that service was not perfected in manner set out in Rule 4, where defendant contractually agreed he is subject to court's jurisdiction with respect to such dispute). However, although the plaintiff states that Mackay has previously communicated with the plaintiff by email regarding matters that are the subject of the plaintiff's complaint, the plaintiff has presented no evidence of any contract whereunder Mackay agreed to be brought into this court to defend against the plaintiff's claims. The plaintiff's request for leave to serve process on Mackay by email is denied.

Finally, as to the plaintiff's request for additional time to serve process on Mackay, the plaintiff has provided information setting out in detail his efforts to locate and personally serve Mackay. According to the plaintiff, his process server has attempted personal service on Mackay on multiple occasions at Mackay's residence in the State of Arkansas, and it is the process server's belief that Mackay is avoiding service. The court finds good cause to grant the plaintiff's request and will allow an additional 45 days to serve Mackay. The court notes, however, that it appears that the plaintiff has not attempted service on Mackay using every manner of service available under the rules. *See* Miss. R. Civ. P. 4(c)(5) (allowing service by certified mail on person outside state). The plaintiff is warned that unless he demonstrates diligent efforts to serve Mackay in all manners available under the rules, including further attempts at personal service and service by certified mail, it will be exceedingly difficult for the plaintiff to establish good cause for yet another extension.

Therefore, the plaintiff's Motion for Extension of Time to Perfect Service [ECF #106] is GRANTED, and the plaintiff's deadline to serve process on Benjamin Mackay is extended until May 1, 2024. The plaintiff's Motion to Request Service by Publication [ECF # 107] and his Motion to Perfect Service by Mail and via Email [ECF #108] are DENIED.

**SO ORDERED**, this the 25th day of March, 2024.

/s/ Roy Percy_____
UNITED STATES MAGISTRATE JUDGE