## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**MICHAEL PRYOR**                                                    **PLAINTIFF**

**v.**                                                    **No. 3:23-cv-00226-MPM-RP**

**J.B. HUNT TRANSPORT SERVICES, INC, et al.**                **DEFENDANTS**

## ORDER

This matter is before the Court on the Motion to Dismiss [56] filed by Defendant J.B. Hunt Transport, Inc.[1] ("J.B. Hunt"). Defendants Mike Hatfield and Manny Galace join J.B. Hunt's Motion, and the motion is fully briefed.[2] [112], [120]. The Court has thoroughly reviewed the parties' submissions and carefully considered the applicable law. Based on all matters of record, this is the decision of the Court.

## FACTS AND PROCEDURAL HISTORY

Mr. Pyror alleges that on July 15, 2019, he agreed to transport a load of furniture to Smitton, Pennsylvania.[3] He arrived in Ecru, Mississippi, to pick up the furniture but states that "the Shipper loaded the wrong load onto [the] trailer." [11] at 4. On July 17, he arrived with the cargo, but "the Receiver in Smitton, PA rejected the load." *Id.* Mr. Pryor notified J.B. Hunt of the rejection, and J.B. Hunt directed him to return the load to Ecru. *Id.* Defendant Galace, a J.B. Hunt employee, told Mr. Pryor that "they would pay the charges to return [the] rejected load to the shipper." *Id.* Mr. Pryor arrived in Ecru the evening of July 18. *Id.*

---

[1] Plaintiff, who is proceeding *pro se*, named J.B. Hunt Transport Services, Inc., but J.B. Hunt states that the correct name is J.B. Hunt Transport, Inc. [57].
[2] The record reflects that Defendant Benjamin Mackay has not yet been served.
[3] On a motion to dismiss, the Court accepts as true all well-pleaded allegations for the purpose of the legal analysis. The Court makes no findings of fact at this stage of the case.

On July 19, 2019, J.B. Hunt "employee Mike Hatfield corporate security sent [Mr. Pryor] an email stating [J.B. Hunt would not pay] charges for returning the load." *Id.* Mr. Pryor responded to Mr. Hatfield and attempted "to negotiate the charges." *Id.* On July 22, Mr. Hatfield sent Mr. Pryor an email noting that retaining the load amounted to theft. *Id.* at 5. Mr. Pryor responded that he was "placing a carrier lien on the load." *Id.* That same day, Mr. Hatfield contacted the police department in Pontotoc, Mississippi, "with allegations of [Mr. Pryor] stealing the load of furniture." *Id.* at 4. On July 24, 2019, J.B. Hunt "filed a cargo claim" with Mr. Pryor's insurer and told the insurance adjuster that the furniture was damaged." *Id.* at 5. Mr. Pryor placed the furniture in storage the following day.

On August 12, 2019, a Pontotoc Police Investigator "served upon [Mr. Pryor] a search warrant. *Id.* The following month, Mr. Pryor was arrested based on J.B. Hunt's allegations. Ultimately, the charge was "retired to file" and "was expunged." *Id.*

Based on these alleged facts, Mr. Pryor filed this lawsuit on June 21, 2023. In his "Section 1983 Civil Rights Complaint," Mr. Pryor brings claims for breach of contract; malicious prosecution; defamation, slander, or libel; and false arrest. All the claims arise out of events transpiring between June and September of 2019. The defendant moved for dismissal arguing that the plaintiff has failed to adequately allege subject matter jurisdiction and, alternatively, has failed to state a claim upon which relief may be granted.

## DISCUSSION

The Court must first decide whether it has subject-matter jurisdiction over this case because "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Federal courts are courts of limited jurisdiction and, therefore, "must presume that a suit lies outside this limited jurisdiction." *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). The party seeking the federal forum bears the burden of establishing jurisdiction. *Howery*, 243 F.3d at 919. When such jurisdiction is based on diversity, the statute requires complete diversity between the parties, which must be "distinctly and affirmatively alleged." *Id.*; 28 U.S.C. § 1332. "Failure to adequately allege the basis for diversity jurisdiction mandates dismissal." *Stafford v. Mobile Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). The court cannot assume diversity of citizenship exists. *Elam v. Kansas City Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011). Here, Pryor has alleged both federal question jurisdiction under 42 U.S.C. § 1983 and diversity jurisdiction.

Federal question jurisdiction arises when "a federal question appears on the face of the plaintiff's well-pleaded complaint." *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 535 (5th Cir. 2017) (citing *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011)). In support of his contention that he brings a cognizable federal claim, Pryor states:

> Dismissal is not warranted because federal court has subject matter jurisdiction because "if abuse of process or malicious prosecution is committed by state actors and results in the arrest or seizure of defendant, the defendant's only remedy is under the Fourth Amendment." Therefor[e] malicious prosecution is a cognizable tort under Section 1983.

[98] at 5. In order to state a claim under 42 U.S.C. § 1983, however, a plaintiff must allege the deprivation of a right secured by federal law that was caused by a state actor and occurred under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Since J.B. Hunt is a private entity and the plaintiff has not alleged that J.B. Hunt acted under color of state law, the plaintiff has failed to state a claim under Section 1983. Having disposed of the sole basis for federal question jurisdiction, the Court turns to Mr. Pryor's diversity allegations.

As to diversity jurisdiction, the plaintiff simply states that "this Court holds subject matter jurisdiction and diversity jurisdiction because the amount in controversy exceeds $75,000.00 and citizenship of different states exists." *Id.* Construing the amended complaint liberally, as required, it could reasonably be read to state that the plaintiff is a citizen of Mississippi, and the defendant is a corporation in Arkansas. Though complete diversity may be present, the plaintiff has failed to allege the defendant's state of incorporation or its principal place of business. Pryor only listed J.B. Hunt's address and later included the conclusory statement that "citizenship of different states exists." The Fifth Circuit has held that even when liberally construing a pro se complaint, "where a plaintiff failed to allege both the state of incorporation and principal place of business under 28 U.S.C. § 1332(c), diversity jurisdiction was not established. *Stringer v. Frito-Lay Corp.*, 2023 WL 5235217, at *2 (5th Cir. 2023) (citing *Leigh v. NASA*, 860 F.2d 652, 653 (5th Cir. 1988)). Furthermore, the plaintiff has not alleged any facts regarding the citizenship of individual defendants Mike Hatfield, Benjamin Mackey, and Manny Galace – making it impossible to determine with certainty whether diversity jurisdiction exists. Thus, the plaintiff has not met his jurisdictional burden, and this case must be dismissed for lack of subject matter jurisdiction.

**ACCORDINGLY**, J.B. Hunt's Motion to Dismiss [56] is **GRANTED**. All other pending motions are **DISMISSED** as moot, and this case is **DISMISSED**.

**SO ORDERED** this the 11th day of June, 2024.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**